927 F.2d 1257
 288 U.S.App.D.C. 402
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Lawrence D. CALDWELL, Appellant,
v.
Marion S. BARRY, Jr., Mayor.
 No. 89-5285.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 11, 1991.
 
 VACATED AND REMANDED.
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellee's motion to dismiss, appellee's supplement to the motion to dismiss, and the response thereto; appellee's renewed motion to dismiss and the response thereto; and appellant's motion for appointment of counsel, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Except in a criminal trial and on appeal therefrom, appointment of counsel is exceptional and is unwarranted when appellant has not demonstrated sufficient likelihood of success on the merits. See Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C.Cir.1984); D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the motion to dismiss be denied. Contrary to appellee's assertion, appellant's motion for an extension of time to file for appeal was timely filed. Rule 4(a) of the Federal Rules of Appellate Procedure provides that a litigant must note an appeal within thirty days after the date of entry of the final district court order. Rule 4(a)(5) also allows a thirty-day grace period for filing a request for extension of time to note an appeal. This grace period does not begin to run until the expiration of the initial appeal period prescribed in Rule 4(a). By operation of Rule 26(a), which excludes Saturdays, Sundays and holidays when they are the last date of a filing period, Caldwell's notice of appeal was not due until June 26, 1989, because the last day of the thirty day period, June 25, was a Sunday. Thus, the thirty-day period for filing a motion for permission to late file a notice of appeal did not start running until June 27, 1989. See Fed.R.App.P. 26(a). Hence, appellant's motion, filed on July 25, 1989, was timely.
 
 
 4
 Furthermore, the presence of a question as to the district court's jurisdiction does not warrant dismissal of the appeal. This court has appellate jurisdiction to determine whether the district court had authority to entertain the case on the merits. It is
 
 
 5
 FURTHER ORDERED, on the court's own motion, that the district court's order filed May 25, 1989, be vacated and that appellant's habeas corpus claim seeking application of the D.C. Good Time Credits Act to his parole eligibility be remanded for further proceedings consistent with Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 n. 1 (D.C.Cir.1988) (en banc). See id. at 814 n. 10 (transfer "uniquely appropriate" in habeas cases where venue is improper); 28 U.S.C. Sec. 1631 (1982 & Supp. IV 1986) (authorizing transfer "in the interests of justice" to court "in which action could have been brought"). In this regard, it would be appropriate for the district court to entertain the motion to intervene and ascertain the view of the United States.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.